MARTHA M. HUYLAR et al.

*v.*

THE CRAGIN CATTLE CO. et al.

The fiftieth section of the act concerning corporations, which authorizes the chancellor or the supreme court, or any justice thereof, to order that the books of a corporation be brought into this state, does not, by implication, extend to the papers and memoranda of the company.

---

Petition that the defendants be required to bring books &c. into this state. On order to show cause.

*Mr. Henry Schmitt* and *Mr. B. Gummere,* for the petitioners.

*Mr. S. H. Grey,* for defendants.

THE CHANCELLOR.

The petitioners, stockholders of the Cragin Cattle Company, apply for an order that all the books, papers and memoranda of

the company, and particularly the books, papers and memoranda kept at its ranches (in the Indian Territory) be forthwith brought into this state, and be kept therein at such place as the chancellor shall designate, and for such time as he shall deem proper, there to be open to the inspection and examination of the petitioners, with leave to them to make copies thereof, and extracts therefrom, and that Charles I. Cragin, president of the company, J. Warren Coulston, vice president, and Thomas J. Curtis, treasurer, appear before the chancellor at such time and place as he shall designate, and be examined with regard to any and all matters connected with the affairs of the company, and in relation to the books, papers and memoranda of the company, and the entries and matters therein contained. On the filing of the petition an order to show cause was granted.

The petition states that all the books of the company, except the ranch books, are kept in the city of Philadelphia. In November, 1885, an application by petition was made to me by the petitioners for an order requiring that all the books of the company be brought into this state. That petition stated (and the answer admitted that such was the fact) that all the books of the company, except the stock-ledger and transfer books, were kept in Philadelphia. An order was made, in December following, that the books be brought into this state. *Huylar* v. *Cragin Cattle Co., 13 Stew. Eq. 392.* No complaint is made that that order was not fully obeyed. The present application has reference, in terms, to all of the books of the company. There is no ground laid, nor does any appear, for ordering that the books which were produced under the former application should again be brought into this state, and upon the argument this application was confined in its scope to the books and papers kept at the ranches. It appears that the company has no books there except two memorandum books, one of which contains the reports of the manager of the ranches, and the other is a book of pay-rolls. Those books are made up of printed blanks, in duplicates, so that there may be exact duplicate statements of each of the matters entered therein ; and it appears that the statements are in fact so made. When a pair of blanks have

been filled up, one remains in the book and the other is detached therefrom and sent to the company's office in Philadelphia, so that the company has, at its office, in the papers thus sent, a duplicate of the books kept at the ranches. The president swears such copies of the books have been among the books and papers of the company to which the petitioners have had unrestricted access for a year past. It is obvious, from this statement, that no proper cause is shown for requiring the respondents to bring the ranch books into this state. It is urged on behalf of the petitioners that they have a right, under the law, to an order requiring the company to bring into this state, for their inspection and examination, all papers and memoranda of the company at the ranches. But the statutory authority to order a company to bring its books into the state does not embrace, by implication, the authority to order it to bring all its papers and memoranda here also.

The prayer of the petition is denied.